J-A08007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RANDAL ARMSTRONG | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BTIC PROPERTIES, LP AND CULLEN MCCLAY COOPER AND LINDA D. COOPER-KUHN | |
| APPEAL OF: CULLEN MCCLAY COOPER AND LINDA D. COOPER-KUHN | No. 2758 EDA 2016 |

Appeal from the Judgment Entered August 26, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2014-C-666

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 06, 2017**

Appellants, Cullen McClay Cooper and Linda D. Cooper-Kuhn, appeal from the judgment entered in the Lehigh County Court of Common Pleas, holding Appellants jointly and severally liable in the amount of $71,119, plus interest and costs.[1] After careful review, we affirm based on the trial court's opinion.

---

[*] Former Justice specially assigned to the Superior Court.

[1] In their notice of appeal, Appellants purport to appeal from the order entered August 18, 2016, denying their post-trial motion. "Orders denying post-trial motions, however, are not appealable. Rather, it is the subsequent judgment that is the appealable order when a trial has occurred." ***Harvey v. Rouse Chamberlin, Ltd***., 901 A.2d 523, 524 n.1 (Pa. Super. 2006)
*(Footnote Continued Next Page)*

The trial court summarized the relevant facts and procedural history of this case as follows:

> [Appellee] was employed as a sales representative for Coopermatics, Inc., ("Coopermatics") a Pennsylvania close corporation. Shareholder [Appellants] are siblings who, at all relevant times, were the managing officers and sole shareholders of Coopermatics.
>
> On May 22, 2009, [Appellee] filed a civil action against Coopermatics in the Circuit Court for the County of Wayne, Michigan, claiming Coopermatics owed him unpaid commissions. [Appellant] Linda Cooper was Coopermatics' president and treasurer, and controlled Coopermatics' bank accounts. [Appellant] Cullen Cooper was its vice-president and secretary. Each of the Coopers owned fifty percent (50%) of Coopermatics' stock.
>
> [Appellant] Linda Cooper became aware of [Appellee's] Michigan lawsuit by the end of May 2009, and understood his claim was for more than $25,000. One year later, on June 7, 2010, Coopermatics sold all of its real estate assets to Defendant BTIC Properties, LP ("BTIC") for $1,200,000 and all of its non-real estate assets to Bethlehem Technik, Inc., for $400,000. As a result of those sales, Coopermatics realized a net total of $1,360,829.56, $991,421.56 for its real estate assets and $369,408.00 for its non-real estate assets. [Appellee] was not provided with prior notice of those sales.
>
> After paying all of its payables except [Appellee's] claim, Coopermatics distributed $518,000 to each of the Shareholder [Appellants] between June 9 and June 21, 2010, leaving Coopermatics with a balance of $20,786.59 in its bank account as of June 30, 2010. Coopermatics has no other assets, no employees, and is not in business, although it has not been dissolved as a corporate entity.

*(Footnote Continued)* —————————

(citation omitted). Thus, this appeal is properly taken from the date the trial court entered judgment on the matter—August 26, 2016.

The Michigan court entered judgment of February 8, 2011, in favor of [Appellee] and against Coopermatics in the amount of $71,119.00. That [judgment] was transferred to Pennsylvania on July 15, 2011, and remains unsatisfied. Coopermatics has no other payables or liabilities.

[Appellee] filed a writ of summons on February 27, 2014, and a complaint on April 17, 2014, alleging the sale of Coopermatics' real estate to BTIC and the transfer of $518,000 to each of the shareholder [Appellants] – leaving Coopermatics with only $20,786.59 – violated the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), 12 Pa.C.S. § 5101 *et seq*. No issue was raised concerning Coopermatics' sale of its non-real estate assets to Bethlehem Technik, Inc.

Trial Court Opinion, filed 10/25/16, at 1-2.

We add only that Appellants filed a pretrial motion for summary judgment, which the court denied. The parties proceeded to a non-jury trial on March 3, 2016. BTIC was dismissed from the case by the trial court, which found that Appellee failed to prove BTIC should assume Coopermatics' liability. Following trial, the court issued an order holding Appellants Linda D. Cooper-Kuhn and Cullen McClay Cooper jointly and severally liable for $71,119. Appellants filed a timely post-trial motion for relief, which the court denied. Appellants then filed a praecipe for entry of judgment, which the court entered on August 26, 2016. This timely appeal is now before us.

On appeal, Appellants present several questions for our review.

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION BY RENDERING JUDGMENT IN APPELLEE RANDAL ARMSTRONG'S FAVOR AND AGAINST APPELLANTS BASED ON CLAIMS NOT ASSERTED IN HIS COMPLAINT AND NOT BEFORE THE TRIAL COURT?

- 3 -

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION BY RENDERING JUDGMENT IN APPELLEE RANDAL ARMSTRONG'S FAVOR AND AGAINST APPELLANTS ON A FIDUCIARY DUTY CLAIM NOT BEFORE THE COURT AND CLEARLY TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS?

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION BY RENDERING JUDGMENT IN APPELLEE RANDAL ARMSTRONG'S FAVOR AND AGAINST APPELLANTS BASED ON A TRANSFER FROM A NON-PARTY TO APPELLANTS, WHICH WAS NOT BEFORE THE COURT?

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION BY RENDERING JUDGMENT IN APPELLEE RANDAL ARMSTRONG'S FAVOR AND AGAINST APPELLANTS, WHICH DISREGARDED AND IGNORED COOPERMATICS, INC.'S CORPORATE FORM, EVEN THOUGH THERE WERE NO CLAIMS BEING MADE TO PIERCE THE CORPORATE VEIL?

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANTS' MOTION FOR APPELLEE RANDAL ARMSTRONG'S FAILURE TO JOIN COOPERMATICS, INC., WHICH WAS AN INDISPENSABLE PARTY TO THE ACTION?

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION BY RENDERING JUDGMENT IN APPELLEE RANDAL ARMSTRONG'S FAVOR AND AGAINST APPELLANTS UNDER AN EQUITABLE THEORY OF RELIEF WHEN THE ENTIRE CAUSE OF ACTION WAS PREDICATED UPON A STATUTORY DISPUTE UNDER THE PENNSYLVANIA UNIFORM FRAUDULENT TRANSFER ACT, 12 PA.C.S.A. § 5101, *ET. SEQ.*?

Appellant's Brief at 4-5.

We apply the following standard of review to a nonjury trial verdict:

Our appellate role in cases arising from nonjury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect

- 4 -

on appeal as the verdict of the jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue … concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Allegheny Energy Supply Co., LLC v. Wolf Run Min. Co.*, 53 A.3d 53, 60-61 (Pa. Super. 2012) (internal citations and quotation marks omitted; brackets and ellipses in original). Furthermore, as the finder of fact, the trial court is free to believe "all, part[,] or none of the evidence presented." *Ruthrauff, Inc. v. Ravin, Inc*., 914 A.2d 880, 888 (Pa. Super. 2006) (citation omitted). "Issues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgment for that of the factfinder." *Id*. (internal citation and quotation marks omitted).

The Pennsylvania Uniform Fraudulent Transfer Act holds in relevant part:

**(a) General rule.—**A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay or defraud any creditor of the debtor[.]

12 Pa.C.S.A. § 5104(a)(1).

- 5 -

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Edward D. Reibman, we conclude that the Rule 1925(a) opinion ably addresses each of Appellants' contentions on appeal. **See** Trial Court Opinion, filed October 25, 2016, at 3-9. Accordingly, we affirm based on that opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2017

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | | |
|---|---|---|
| Randal Armstrong, | : | |
| Plaintiff, | : | No. 2014-C-666 |
| v. | : | (Hon. Edward D. Reibman) |
| | : | |
| BTIC Properties, LP, Cullen McClay Cooper, and | : | |
| Linda D. Cooper-Kuhn, | : | |
| Defendants. | : | |

## OPINION

\*   \*   \*

APPEARANCES:
Benjamin W. Lawrence, Esq.
Michael J. Dougherty, Esq.
WELTMAN, WEINBERG & REIS CO., L.P.A.
Philadelphia, PA
--On behalf of Plaintiff

Anne K. Manley, Esq.
GROSS MCGINLEY LLP
Easton, PA
--On behalf of Defendants

\*   \*   \*

**REIBMAN, P. J.**

In this action, Plaintiff Randal Armstrong seeks to collect on a previously obtained Michigan judgment against Coopermatics, Inc., a Pennsylvania close corporation, ("Coopermatics"). Defendants Cullen McClay Cooper and Linda D. Cooper-Kuhn (together, the "Shareholder Defendants"), are siblings who, at all relevant times, were the operative officers and sole shareholders of Coopermatics. Defendant BTIC Properties, LP ("BTIC") purchased all of Coopermatics' real estate assets.

1

Plaintiff was one of Coopermatics' sales representatives. On May 22, 2009, he filed a civil action against Coopermatics in the Circuit Court for the County of Wayne, Michigan, alleging it owed him unpaid commissions. Defendant Linda D. Cooper-Kuhn ("Linda Cooper") was Coopermatics' president and treasurer and controlled Coopermatics' bank accounts; and Defendant Cullen McClay Cooper was Coopermatics' vice-president and secretary. Each of the Shareholder Defendants owned fifty percent (50%) of Coopermatics' stock.

Linda Cooper became aware of Plaintiff's action by the end of May 2009. She understood his claim was for more than $25,000. One year later, on June 7, 2010, Coopermatics sold all of its real estate assets to BTIC for $1,200,000 and all of its non-real estate assets to Bethlehem Technik, Inc., for $400,000, which, together, netted Coopermatics a total of $1,360,829.56. Linda Cooper did not provide Plaintiff with prior notice of those sales even though she was aware of Plaintiff's Michigan lawsuit.

After paying all of its payables except Plaintiff's claim, Coopermatics distributed $518,000 to each of the Shareholder Defendants between June 9 and 21, 2010, resulting in a balance of $20,786.59 in Coopermatics' bank account as of June 30, 2010. According to Linda Cooper, Coopermatics has no other assets and has not been dissolved as a corporate entity.

The Michigan court entered judgment on February 8, 2011, in favor of Plaintiff and against Coopermatics in the amount of $71,119.00. That judgement was transferred to Pennsylvania on July 15, 2011.

There are two transfers at issue: the sale of Coopermatics' real estate to BTIC and the distribution of $518,000 from Coopermatics to each of the Shareholder Defendants leaving Coopermatics with $20,786.59 in assets. No issue was raised concerning Coopermatics' sale of its non-real estate assets to Bethlehem Technik, Inc.

2

With respect to the first transfer, the general rule is "[w]hen one company sells or transfers all of its assets to another company, the purchasing or receiving company is not responsible for the debts and liabilities of the selling company simply because it acquired the seller's property." Cont'l Ins. Co. v. Schneider, Inc., 810 A.2d 127, 131 (Pa.Super. 2002). "This general rule of non-liability can be overcome, however, if (i) the purchaser expressly or implicitly agreed to assume liability, (ii) the transaction amounted to a de facto merger, (iii) the purchasing corporation was merely a continuation of the selling corporation, (iv) the transaction was fraudulently entered into to escape liability, or (v) the transfer was without adequate consideration and no provisions were made for creditors of the selling corporation." Cont'l Ins. Co. v. Schneider, Inc., 873 A.2d 1286, 1291 (Pa. 2005). No evidence was presented to support any of those situations, so at trial BTIC was dismissed as a defendant.

Furthermore, Coopermatics was not sued in this litigation. Since Coopermatics is not a party to this litigation and BTIC was dismissed from the case, and there is no evidence that the consideration BTIC paid to Coopermatics for the real estate was inadequate, there is no basis to disturb that transaction.

However, the second transfer, the June 2010 distributions of $518,000 to each of the Shareholder Defendants that left Coopermatics with $20,786.59 in assets is a more difficult problem.

For the most part, the parties focused their attention on the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), 12 Pa.C.S. § 5101 *et seq*. In pertinent part, the PUFTA provides:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

3

> (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
>
> (2) without receiving a reasonably equivalent value in exchange for the transfer ...

12 Pa.C.S. § 5104 (a), and

> [a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

12 Pa.C.S. § 5105.

The PUFTA defines a "claim" as "[a] right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured"; a "creditor" as "[a] person who has a claim;" and a "debtor" as "[a] person who is liable on a claim." 12 P.C.S. § 5101 (b).

Under those definitions, Plaintiff has a "claim" and is, therefore, a "creditor." However, the Michigan judgment is against Coopermatics rather than the Shareholder Defendants. Under the PUFTA's definition, Coopermatics is a "debtor," and it is not a party to this action. Therefore, Shareholder Defendants' motion pursuant to Pa.R.C.P. 1032(b) to dismiss Plaintiff's claim under the PUFTA for the failure to join Coopermatics as an indispensable party is well-taken. That, however, does not end the matter for Plaintiff's complaint sought "[a]ny other equitable relief this court deems appropriate based on the conduct of Defendant[s]."

A corporation is a legal fiction created as an entity separate and distinct from its shareholders to conduct business in a privileged manner. Among those privileges are continuity of life, various financial and tax advantages, and limitation of personal liability. In return, the officers and directors of a corporation stand in a fiduciary relationship to the corporation.

4

15 Pa.C. § 512(a). A test of liability for breach of fiduciary duty is whether a corporate director or officer was unjustly enriched by his or her actions. In re Total Containment, Inc., 335 B.R. 589, 604 (E.D.Pa. 2005); Resolution Trust Corp. v. Lutz, 914 F.Supp. 1163 (E.D.Pa. 1996); In re Specialty Tape Corp., 132 B.R. 297 (W.D.Pa.1991). And, when a company becomes insolvent, the fiduciary duty owed by corporate officers and directors shifts to the company's creditors. Total Containment, Inc., 335 B.R. 589 at 603.[1]

For example, in Robar Development Corp. v. Minutello, 408 A.2d 851 (Pa.Super. 1979), the sole stockholders and officers in a corporation sold its equipment and sublet its building, effectively putting the corporation out of business, and transferred the proceeds to the shareholders as creditors of the corporation. The court held the shareholders' payment to themselves, "no matter how legitimate the debt, was in effect a preferential payment to themselves and was in contravention of their fiduciary duty to protect the interest of the other creditors." Id. at 853.

Here, as in Minutello, the Shareholder Defendants knew of Plaintiff's claim when they distributed all but $20,786.59 of the corporation's assets to themselves. Linda Cooper knew in May 2009 Plaintiff's claim was for more than $25,000. As the court stated in Minutello:

> ... where officers of insolvent corporations satisfied the corporate obligations held by themselves prior to other creditors, equity has erected a presumption that such officers have taken unfair advantage of their special position and knowledge to save themselves from being prejudiced. The burden lies on the officers to show the circumstances which made it proper that they should be paid prior to the other creditors. [Citations omitted.]

Id. at 853-54.

---

[1] A debtor with a negative net worth on its balance sheet is insolvent in the bankruptcy sense, and a debtor that cannot pay its debts as they mature is insolvent in the equity sense. 12 Pa.C.S. § 5102; Moody v. Security Pacific Business Credit, Inc., 971 F.2d 1056 (3rd Cir. 1992).

5

The fact that Coopermatics is not a party to this action is of no consequence with respect to the Shareholder Defendants' fiduciary duty to it and its creditors. A party is indispensable when its rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. City of Phila v. Commonwealth, 838 A.2d 566, 581 (Pa. 2003), quoting Sprague v. Casey, 550 A.2d 184, 189 (Pa. 1988). On the other hand, "[i]f no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation." Northern Forests II, Inc. v. Keta Realty Co., 130 A.3d 19, 29 (Pa.Super. 2015), quoting Sprague at 189.

Plaintiff is not seeking any injunctive relief against Coopermatics and, for the reasons already stated, is precluded from seeking to set aside the underlying transaction of the sale of its real estate to BTIC. There is no evidence Coopermatics received inadequate consideration from the sale of its real estate. All of Coopermatics' payables, except Plaintiff's claim, have been satisfied. All of its assets except $20,786.59 have been distributed. It is not engaged in any business. Once Coopermatics distributed $518,000 to each of the Shareholder Defendants, it had no interest in those funds and, thus, the outcome of this case. None of its rights will be affected. For all practical purposes, Coopermatics is an insolvent, defunct corporation. See, e.g., In re Covenant Partners, L.P., 531 B.R. 84, 101 (E.D.Pa. 2015) (holding a bankrupt limited partnership's general partner and general partner's general partner were not necessary parties that had to be joined where "...complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties...." [Citation omitted.] )

Shareholder Defendants breached their fiduciary duty to Plaintiff by transferring all but $20,786.59 of Coopermatics' assets to themselves while knowing Plaintiff had a claim pending against it in the Michigan court and failing to adequately reserve sufficient assets to satisfy that

6

liability if and when it became due. Shareholder Defendants offered no explanation justifying those transfers to them. The only logical explanation for such transfers was to prejudice Plaintiff. Accordingly, Shareholder Defendants shall be required individually to satisfy the Michigan judgment in the amount of $71,119.00.

April 26, 2016

Edward D. Reibman, P.J.